UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYLER ALLEN CRAWFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-cv-00114-JPH-DLP |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISMISSING ACTION**

Petitioner Tyler Allen Crawford brings a writ of habeas corpus challenging his conviction for arson in disciplinary proceeding NCF 20-08-0049 on August 27, 2020. Mr. Crawford brings two claims: 1) the conduct report was not issued within 24 hours, in violation of Indiana Department of Correction (IDOC) policy; and 2) as a sanction, he was placed in credit class D, in violation of IDOC policy.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the ones at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process."); *Rivera v. Davis*, 50 F.

1

App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

The Court gave Mr. Crawford an opportunity to show cause why this action should not be dismissed with prejudice pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts*. In response, Mr. Crawford confirmed that his claims are based on IDOC policy. Dkt. 5. Accordingly, Mr. Crawford's claims are not viable habeas claims.

Therefore, this action is dismissed with prejudice pursuant to Rule 4. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TYLER ALLEN CRAWFORD
201650
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362